# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

**UNITED STATES OF AMERICA**

-v-                                       03-10009-03-T

**ARKADY VOLOSHIN**

<u>Donald R. Wager, Retained</u>
Defense Attorney
10100 Santa Monica Blvd., 3rd Floor
Los Angeles, CA 90067

---

## AMENDED JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1 of the Indictment on August 26, 2005. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Date Offense Concluded</u> | <u>Count Number(s)</u> |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Violate the Lacey Act | 03/28/2001 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

Count(s) 3, 4 and 7 dismissed on motion of United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
November 15, 2005

_____
JAMES D. TODD
CHIEF UNITED STATES DISTRICT JUDGE

December ___8___, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on ___12-14-05___

Defendant's Soc. Sec. No. 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
Deft's U.S. Marshal No.:   25980-112

Defendant's Mailing Address:
12611 Lithuania Drive
Granada Hills, CA 91344

case No: 1:03cr10009-03-T   Defendant Name: Arkady Voloshin                    Page 3 of 6

## PROBATION

The defendant is hereby placed on probation for a term of **3 Years**.

While on probation, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a firearm, ammunition, destructive device, or dangerous weapons. The defendant shall also comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such file or restitution.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

case No: 1:03cr10009-03-T    Defendant Name: Arkady Voloshin                            Page 4 of 6

8.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

1.  The defendant shall participate in the Home Detention program for a period of **4 Months**. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the Defendant's Probation Officer. The defendant must wear an electronic monitoring device and shall maintain a telephone at his residence without any special services, modems, answering machines, or cordless telephones during the period of home detention.

2.  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer, while any portion of the restitution remains unpaid.

3.  The defendant shall provide the Probation Officer access to any requested financial information and permit full financial disclosure.

4.  The defendant shall formerly institute a program of selling caviar at a discounted price by using coupons with the names, addresses and contact information of customers redeeming those coupons, this is to continue until a total of $10,080.00 is repaid by way of customer redemption of discount coupons.

5.  The defendant shall make a contribution of $1400.00 to a charity approved in advance by the probation office.

6.  The defendant shall assist in the collection of DNA as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | | 17,480.00 |

The Special Assessment shall be due immediately.

**FINE**

No fine imposed.

case No: 1:03cr10009-03-T   Defendant Name: Arkady Voloshin                    Page 6 of 6

# RESTITUTION

Restitution in the amount of **$17,480.00** is hereby ordered. The defendant shall make restitution to the following victims in the amounts listed below. Restitution shall be paid in monthly installments equal to ten percent (10%) of the defendant's total gross monthly household income from all sources. The defendant shall be required to regularly furnish proof of his gross monthly household income, upon which the amount of monthly payments shall be based, to the U.S. Probation Office.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TENNESSEE WILDLIFE RESOURCE AGENCY, Attn: LAW ENFORCEMENT DIVISION | | $5000.00 | |
| TO RETAIL CUSTOMERS OF DEFENDANT'S BUSINESS | | $10,080.00 | |
| | | $1400.00 | |
| TO A CHARITY APPROVED BY THE UNITED STATES PROBATION OFFICE | | | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 138 in case 1:03-CR-10009 was distributed by fax, mail, or direct printing on December 14, 2005 to the parties listed.

---

Donald R. Wager
LAW OFFICES OF DONALD R. WAGER
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067

Richard Leigh Grinalds
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT