IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:03-10009-03-T |
| | ) | |
| ARKADY VOLOSHIN, *et. al.*, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ARKADY VOLOSHIN'S REQUEST TO RETURN PASSPORT AND RELEASE BOND

Defendant Arkady Voloshin was indicted for, and later pleaded guilty to, engaging in a conspiracy to violate the Lacey Act, codified at 16 U.S.C.§ 3371, *et. seq.*, in violation of 18 U.S.C. § 371. The court imposed a probationary sentence on Defendant and he now is serving that sentence. Before the court is Defendant's Request to Return Passport and to Release Bond. The motion is GRANTED IN PART and DENIED IN PART. The request to release Defendant's appearance bond is GRANTED, but the request to return his passport is DENIED.

To avoid detention prior to his guilty plea, Defendant posted an appearance bond through a bonding company in the amount of $100,000.00. Defendant apparently also encumbered his wife's California residence in order to secure the bond to the bonding company. Defendant now wishes to have the bond exonerated in order to permit the removal

of the lien on his wife's home. Because Defendant's case has concluded, and he currently is serving his probationary sentence, the court finds that the appearance bond is no longer necessary and therefore GRANTS Defendant's Request to Release Bond.

Defendant's request for the return of his passport is, however, not as simple. Passports fall within the authority of the Department of State, which has issued a regulation providing that, "[a] passport may be revoked or restricted or limited where . . . [t]he national[1] would not be entitled to issuance of a new passport under [the regulations]." 22 C.F.R. § 51.72. The regulations, in turn, prohibit the issuance of a new passport to an "applicant [who] is subject to a criminal court order [or] condition of probation . . . which forbids departure from the United States and the violation of which could result in the issuance of a Federal warrant of arrest." *Id.* § 51.70.

Here, compliance with the conditions of the court's sentence requires that Defendant remain in the United States. Violation of the court's sentence, moreover, could result in Defendant's arrest on a federal warrant. *See* 18 U.S.C. § 3606. Defendant therefore would not be entitled to the issuance of a passport under the regulations promulgated by the Secretary of State if Defendant was a first-time passport applicant. The court accordingly DENIES Defendant's request to order the clerk to return Defendant's passport.

For these reasons, Defendant's Request to Return Passport and to Release Bond [Dkt. # 139] is GRANTED IN PART and DENIED IN PART. Defendant's request to release his

---

[1] A "national" is defined as "a citizen of the United States or a noncitizen owing permanent allegiance to the United States." 22 C.F.R. § 51.1(d).

appearance bond is GRANTED.  Defendant's request to return his passport is DENIED. Defendant may apply for reissuance of his passport through the Department of State by compliance with applicable rules and regulations of the State Department..

IT IS SO ORDERED.

                                       S/ James D. Todd
                                       JAMES D. TODD
                                       UNITED  STATES  DISTRICT  JUDGE